JOSEPH SPINNEY *v.* HYDE & McKIE.

Where the plaintiff resides out of the State, or in the State, but in a different parish from the defendant, the latter may institute against the former a demand in reconvention for any cause, even for such as are not connected with or incidental to the principal demand. Revised Statutes, p. 96.

APPEAL from the Fourth District Court of New Orleans, *Price,* J.
E. *Rawle*, for plaintiff.   T. *Gilmore*, for defendants and appellants.

BUCHANAN, J.   Defendants, who reside in New Orleans, being sued by plaintiff, a resident of New York, for the price of one-fourth interest in the ship Cotton Planter, sold by plaintiff to defendants, have reconvened and claimed of plaintiff a large sum for balance of account for the earnings of the said ship, while owned jointly by the parties, and employed in the business of a common carrier or freighting vessel.

The plaintiff's counsel objected, on the trial of the cause, to the introduction of evidence offered by defendants of the items of their reconventional demand, on the ground that said evidence related to a settlement of the partnership accounts, and was not connected with the principal demand.

We are of opinion that the evidence was improperly excluded.

The amendment of the Code of Practice by the statute of 1839, p. 164, (Phillips's Revised Statues, p. 96,) declares that when the plaintiff resides out of the State, or in the State, but in a different parish from the defendant, the latter may institute against the former a demand in reconvention for any cause, even for such as are not connected with or incidental to the principal demand.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed; and that this cause be remanded to the court below for further proceedings according to law, with instructions to the District Judge to admit evidence of the items of defendants' demand in reconvention. And it is lastly decreed, that plaintiff and appellee pay costs of this appeal.